# Dunlap, *et al. v.* Regan.

### *Bill to Quiet Title.*

(Decided February 12, 1914. 64 South. 606.)

1. *Quieting Title; Right to Maintain; Possession.*—Persons who take possession of land in violation of the provisions of section 7829, Code 1907, cannot maintain a bill to quiet title to such land.

2. *Same.*—The fact that certain persons instituted ejectment against the persons put in possession after being dispossessed in ejectment, and that such person then disclaimed, whereupon, they dismissed their suit, will not authorize such persons to maintain a bill to quiet title to said lands after they had re-entered in violation of the provisions of section 7829, Code 1907, it being essential that they should have taken judgment on the disclaimer without costs, or have taken issue on the disclaimer, and had judgment on such issue.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Bill by W. R. Dunlap and others against W. E. Regan to quiet title to certain lands. Decree for respondent and complainant appeals. Affirmed.

M. M. & VICTOR H. SMITH, and N. B. SPEARS, for appellant. The bill and the proof showed such possession as would authorize a decree quieting title.—*Brand v. U. S. Car Co.*, 128 Ala. 579; *Adler v. Sullivan*, 115 Ala. 582.

· [Dunlap v. Regan.]

BLACKWELL & AGEE, for appellee. Complainant entered in violation of section 7829, Code 1907, as appears from the bill, and hence, was not in position to maintain a bill to quiet title under the statute.

ANDERSON, C. J.—It has been repeatedly held by this court that, in order to maintain a bill to quiet title to land under the statute, the complainant must be in the peaceable possession of the land, actual or constructive, as distinguished from a scrambling or contested possession. While the present bill may not show what is termed a scrambling possession on the part of the complainants, it does show that they went into the possession of the land wrongfully and in violation of the statute, and that they are really trespassers, as section 7829 of the Code of 1907 makes it unlawful for one to re-enter lands after having been dispossessed under legal process. The complainants here were dispossessed by process from the circuit court pursuant to a judgment against them in ejectment, and had no right to re-enter the land, except under legal process.

It may be true that the complainants instituted an action of ejectment against Walker, who had been formerly put into possession under legal process, and said Walker then disclaimed, but the complainants, in dismissing their suit, left themselves in the same position they occupied before bringing said suit. They should have taken judgment on the disclaimer without cost, or taken issue upon the disclaimer and gotten a judgment, in order to gain any advantage from the second action of ejectment. The statute in question was not intended to enable one holding an unlawful possession to maintain a bill to quiet title.

The decree of the chancery court is affirmed.
Affirmed.

MCCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.